**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **Orange Barrel Media, LLC,** *et al.*, | ) | **CASE NO. 1: 11 CV 1749** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **City of Cleveland,** | ) | <u>**Memorandum of Opinion and Order**</u> |
| | ) | |
| **Defendant.** | ) | |


This matter is before the Court upon Plaintiffs' Motion for Temporary Restraining Order and Request for Hearing on Preliminary Injunction.  (Doc. 2.)  Defendant City of Cleveland was afforded notice of the motion and an opportunity to respond.  The City filed a Motion to Dismiss and Opposition to [Plaintiffs'] Motion for Temporary Restraining Order. (Doc. 6.)  For the reasons stated below, Plaintiff's Motion for Temporary Restraining Order and Request for Hearing on Preliminary Injunction is denied.

**I.  Standard of Review**

Federal R. Civ. P. 65 governs the issuance of temporary restraining orders and preliminary injunctions.  In considering a motion for a preliminary injunction, the district

1

court considers four factors:  (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable injury without the injunction; (3) whether the injunction will cause substantial harm to others; and (4) whether the injunction would serve the public interest.  *Rock and Roll Hall of Fame and Museum, Inc. v. Gentile Productions*, 134 F.3d 749, 753 (6th Cir. 1998).

These factors are not prerequisites but instead must be balanced.  *Capobianco v. Summers*, 377 F.3d 559, 561 (6th Cir. 2004).  *See also Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001) (no single factor is determinative).  The decision whether or not to issue a preliminary injunction falls within the sound discretion of the district court.  *See Friendship Materials, Inc. v. Michigan Brick, Inc*., 679 F.2d 100, 102 (6th Cir. 1982).  While none of the factors to be considered is given controlling weight, a preliminary injunction should not be issued where there is no likelihood of success on the merits.  *See Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997).

**II.  Background Facts**

Only the facts necessary for a resolution of the pending motion for a temporary restraining order are set forth herein.  In 2006, as part of settlement agreement with Clear Channel Outdoor, Incorporated ("Clear Channel"), the City adopted legislation that became codified in the City's Zoning Code as Cleveland Codified Ordinance § 350.161, entitled "Wall Murals."  (Def. Ex. B.)  Ordinance § 350.161 became effective in January 2007.  The ordinance permits a maximum of six wall murals to be erected in various parts of the City and sets forth requirements and procedures for obtaining a permit to erect a wall mural.  Among other requirements, in order to obtain a permit for a wall mural, the ordinance requires that

the applicant obtain a permit under Section 3113.03 of the City's Building Code.  Ordinance §
350.161, ¶ (g)(1).

Plaintiff Orange Barrel Media, LLC (Orange Barrel) is an advertising company that
specializes in large, outdoor wall murals.  Plaintiff Stark 1350, LLC (Stark) is a property
owner whose sole property is located at 1350 West 3rd Street in downtown Cleveland.
Plaintiffs allege that they have been unable to obtain permission from the City to erect wall
murals under Ordinance § 350.161 despite repeated attempts to do so since 2007.  (Verified
Complt., ¶ 27.)  For example, plaintiffs allege that they filed applications for wall mural
permits in November 2009 and May 2010, but the City refused to accept their applications,
stating that no permits were available.  (Verified Complt., ¶¶ 28-29.)  In addition, plaintiffs
allege that Stark again attempted to filed applications for wall mural permits for two of the
exterior walls on its property in November 2010, but the City has taken "the indefensible
position that such applications were never accepted or approved."  (Verified Complt., ¶ 32.)

Despite their assertion that the City has refused to grant them permission to erect wall
murals, plaintiffs allege that they, in fact, have obtained valid permits to erect wall murals
under Ordinance § 350.161; specifically, for wall murals recently erected by Orange Barrel at
1350 West Third Street and 833 Superior Avenue.  (Verified Complt., ¶42.)  Plaintiffs assert
that they submitted applications to erect wall murals on these properties on November 30,
2010 and December 28, 2010 respectively, but the City failed either to explicitly deny or
grant their applications.  Therefore, plaintiffs contend, they have valid permits for wall murals
by virtue of paragraphs (j)(1) and (2) the ordinance.  Paragraph (j)(1) provides that the City
"shall grant or deny [an] application" in writing within a maximum of 120 days after

3

receiving the application; paragraph (j)(2) states that "[t]he application shall be deemed granted if not denied in accordance with this section."  Ordinance § 350.161, ¶¶ (j)(1),(2).

After City's Board of Building Standards and Building Appeals ordered plaintiffs' walls murals to be removed, taking the position that the murals were erected without the approval of the City and without permits as required under Cleveland Codified Ordinance § 3113.03, plaintiff initiated an administrative appeal regarding the City's action in state court. Litigation concerning the wall murals plaintiffs erected at 1350 West Third Street and 833 Superior Avenue is currently pending in *Stark 1350, LLC, et al. v. City of Cleveland*, CV-759856 (Cuyahoga County Court of Common Pleas) and *1460 Ninth Street Associates L.P., et al. v. City of Cleveland*, CV-759858 (Cuyahoga County Court of Common Pleas).  The cases were consolidated in *Stark*, CV-759856.[1]

On July 22, 2011, the state court granted a 30-day stay, prohibiting the City from removing the two murals.  However, on August 19, 2011, the state court denied plaintiffs' motion to extend the stay and, on August 22, 2011, the state court issued an order granting a motion by the City to remove the murals.

After plaintiffs discovered the state court's intention not to extend the stay, plaintiffs filed this action (with new counsel) in federal court.  Plaintiffs' Verified Complaint alleges three causes of action.  Count I asserts an "as applied" First Amendment challenge to Ordinance § 350.161.  Count II alleges that the City has violated the First Amendment under the prior restraint doctrine.  Count III alleges that Ordinance § 350.161, in conjunction with

---

[1]

      Plaintiffs have also filed five other administrative appeals in state court pertaining to other wall mural applications plaintiffs submitted.

the City's settlement agreement with Clear Channel, violates plaintiffs' equal protection

rights.

### III.  Analysis

Plaintiffs contend they are likely to succeed on the merits of their First Amendment

claim in Count I because Ordinance § 350.161, in conjunction with the terms of the City's

settlement agreement with Clear Channel, in effect gives Clear Channel unfettered access to

the wall murals in downtown Cleveland in perpetuity.  Plaintiffs contend this "private deal"

between the City and Clear Channel violates their First Amendment rights of commercial

speech because they have been unable to obtain the City's permission to erect any wall murals

in Cleveland.  (Verified Complt., ¶ 37.)  Plaintiffs also contend in Count I that "[t]he City has

further violated the First Amendment by engaging in content discrimination in [the City's]

application of C.C.O. § 350.161" because *Clear Channel* agreed to certain content restrictions

in its settlement agreement with the City.  (Verified Complt., ¶¶ 38-39; Pltf. Br. at 10.)

Plaintiffs contend they are likely to succeed on the merits of Count II, their First

Amendment claim under the doctrine of prior restraint, because the "explicit terms of the

Settlement Agreement . . . forced the City's administrative agencies to consider wall mural

permits exclusively for Clear Channel."  (Pltf. Br. at 12.)  Plaintiffs contend:  "The City's

self-securement of unfettered discretion to pick and choose whose wall murals would be

erected in downtown Cleveland violates the prior restraint doctrine secured by the First

Amendment."  (Pltf. Br. at 12.)

Finally, plaintiffs contend they are likely to succeed on the merits of their equal

protection claim because the City has claimed that plaintiffs lack proper permits for their wall

murals and has threatened to forcibly remove plaintiffs' murals when, in fact, plaintiffs have valid permits under the Ordinance § 350.161 by operation of law.  (Pltf. Br. at 14-15.) Plaintiffs contend the City's decision to "ignore its own ordinance" and favor Clear Channel in this manner violates their rights to equal protection.

Upon review, the Court does not find that plaintiffs have demonstrated a likelihood of success on the merits.

First, plaintiffs have not demonstrated that the City's alleged wrongful conduct, giving Clear Channel a preference in obtaining permits for wall murals under Ordinance § 350.161, violates governing constitutional standards.  Plaintiffs do not identify the governing constitutional standards applicable to their First Amendment and equal protection claims and do not demonstrate that the City's conduct violates those standards.[2]

Second, and more critically, plaintiffs take the position in this case that they, in fact, have valid permits to erect wall murals under the challenged ordinance, but litigation addressing this issue is presently pending in state court.  The City argues that the Court should

------

[2]

The Court notes in this regard that commercial speech is not accorded the same level of protection as other constitutionally guaranteed expression and generally is subject to an "intermediate" level of constitutional review.  That is, where commercial speech is not misleading or concerning unlawful activity, the government may restrict the speech if:  (1) the government has a "substantial interest" in support of its regulation; (2) the restriction on commercial speech directly and materially advances that interest; and (3) the regulation is narrowly drawn.  *Capobianco v. Summers*, 377 F.3d at 562.  Equal protection claims involving commercial speech, likewise, are generally subject to mid-level review.  *See Chambers v. Stengel*, 256 F.3d 397, 401 (6th Cir. 2001).  Although it is a government's burden ultimately to prove that a restriction on commercial speech is lawful, plaintiffs do not demonstrate that the City's alleged wall mural permit restrictions here violate applicable constitutional standards.

6

abstain from interfering with the on-going state court proceeding, and the Court agrees.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that absent "bad faith, harassment or any other unusual circumstance," federal-court abstention is appropriate where a plaintiff invokes federal jurisdiction as a basis for obtaining injunctive relief against state court criminal proceedings.  *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006).  The Supreme Court later held that "[t]he policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved."  *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).  *Younger* abstention is appropriate where:  (1) there are on-going state judicial proceedings; (2) the proceedings implicate important state interests; and (3) the state proceedings afford "an adequate opportunity" to raise constitutional challenges.  *Squire*, 469 F.3d at 555.  As to the last requirement, abstention is appropriate "unless state law clearly bars the interposition of the constitutional claims."  *Id.* at 556 (quoting *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996)).  Further, it is the plaintiff's burden to show that state law barred presentation of his or her constitutional claims.  *Id.*

All of the elements for *Younger* abstention are present.  First, there are clearly on-going state judicial proceedings, specifically, the consolidated cases in *Stark 1350, LLC, et al. v. City of Cleveland*, CV-759856 (Cuyahoga County Court of Common Pleas).  *Stark* pertains to plaintiffs' permit applications for wall murals at 1350 West Third Street and 833 Superior Avenue and the City's order that plaintiffs remove the wall murals erected at those locations.  Second, the City's assertion is persuasive that important state interests are involved, including the City's interest in enforcing its requirements for obtaining permits, enforcing its land use

codes, and ordering removal of unlawfully erected structures in the City.  There is no

suggestion that the state case does not involve important interests.  Finally, although

plaintiffs' business representatives state in affidavits that "[t]he Court of Common Pleas is not

reviewing any constitutional issues," (*see* Coven Aff., ¶ 26; Scantland Aff., ¶ 54), plaintiffs

have not suggested or demonstrated that state law clearly barred the imposition of their

constitutional claims.  Indeed, in the administrative appeals plaintiffs filed in state court,

plaintiffs expressly state that they "reserve their right" to challenge constitutional matters.

(*See* Pltf. Ex. 4.)  There is nothing before this Court suggesting that plaintiffs were unable to

raise their constitutional arguments in state court; therefore, the third prong for *Younger*

abstention is satisfied.

       In that all the *Younger* factors are present, and there has been no showing of bad faith,

harassment, or any other unusual circumstance, federal court abstention is warranted.  *See Sun*

*Ref. & Mktg. Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990) (holding that "when a case is

properly within the *Younger* category of cases, there is no discretion on the part of the federal

court to grant injunctive relief").  Thus, plaintiffs are not likely to succeed on the merits of

their claims here.

       Further, the Court finds abstention particularly appropriate here given plaintiffs'

allegation that they have valid permits under Ordinance § 350.161.  If the state court

ultimately finds in plaintiffs' favor on this point, it seems unlikely that plaintiffs'

constitutional claims, based on plaintiffs' alleged inability to obtain permits from the City,

could proceed.  In other words, plaintiffs' constitutional claims here are not fully ripe until it

is determined whether the City is wrongfully claiming that plaintiffs do not have valid

permits, and this Court will not undertake to interfere with the state court's determination of this issue.

### III.  Conclusion

For all the foregoing reasons, plaintiffs have not demonstrated a likelihood of success on the merits of their alleged claims; moreover, federal court abstention is warranted in the case.  Accordingly, Plaintiff's Motion for Temporary Restraining Order and Request for Hearing on Preliminary Injunction is denied.[3]

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/1/11

---

[3]

Plaintiffs have filed a "Motion for Oral Argument, to Strike Extrinsic Evidence from Defendant's Motion to Dismiss, and to Maintain Status Quo Until Disposition."  (Doc. 7.)  In this motion, plaintiffs argue that because the City "chose to file a motion to dismiss" combined with its opposition to the motion for a temporary restraining order, plaintiffs should be allowed thirty days to respond to the City's motion to dismiss.  In addition, plaintiffs move to strike "extrinsic evidence" the City attaches to its motion to dismiss and ask the Court to hear oral argument on the merits of their constitutional claims and to enter an order prohibiting the City from "taking any action regarding plaintiffs' wall murals"– *i.e.*, to maintain the status quo – until plaintiffs are able to respond to the City's motion to dismiss.

Plaintiffs' motion is denied insofar as it seeks an order to "maintain the status quo."  As determined above, a temporary restraining order is not warranted here because plaintiffs have failed to demonstrate a likelihood of success on the merits.

Plaintiffs may respond to the City's motion to dismiss, and briefing on the motion may proceed according to the Local Rules.  The Court will determine plaintiffs' request to strike evidence in connection with the motion to dismiss.

Plaintiffs' request for oral argument is denied.

9